B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>JANE DOE | DEFENDANTS<br><br>MICHAEL YOONBUM BAE |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Nikolai Lachowicz (SBN 201362), Sang Hyun Park (SBN 290741),<br>Jinni Kang (SBN 346373)<br>LACHOWICZ PARK, APC<br>2975 Wilshire Blvd Ste 528, Los Angeles, CA 90010, (213) 855-4520 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand  $5,500,000.00 or to otherwise be proven at trial |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>    MICHAEL YOONBUM BAE | BANKRUPTCY CASE NO.<br>    2:24-bk-12607-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>    CENTRAL | DIVISION OFFICE<br>    LOS ANGELES | NAME OF JUDGE<br>    Hon. Barry Russell |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>    6/20/24 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>    Jinni Kang | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| *Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - _____ DIVISION**

| In re: | |
|---|---|
| | CASE NO.: |
| | CHAPTER: |
| | ADVERSARY NO.: |
| Debtor(s). | |
| Versus    Plaintiff(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |
| Defendant(s) | |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Hearing Date:** _____ | **Address:** |
| **Time:** _____ | ☐ 255 East Temple Street, Los Angeles, CA 90012 |
| **Courtroom:** _____ | ☐ 3420 Twelfth Street, Riverside, CA 92501 |
| | ☐ 411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐ 1415 State Street, Santa Barbara, CA 93101 |
| | ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
      Deputy Clerk

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*                  *Printed Name*              *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**LACHOWICZ PARK, APC**
Nikolai Lachowicz (SBN: 201362)
 nik@lachowiczpark.com
Sang Hyun Park (SBN: 290741)
 spark@lachowiczpark.com
Jinni Kang (SBN: 346373)
 jinni@lachowiczpark.com
2975 Wilshire Boulevard, Suite 528
Los Angeles, CA 90010
Tel: (213) 855-4520
Fax: (844) 365-1230

Attorneys for Plaintiff,
JANE DOE

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL YOONBUM BAE,<br><br>    Debtor.<br>———————————————<br>JANE DOE[1], an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>MICHAEL YOONBUM BAE, an individual,<br><br>    Defendant. | Case No.: 2:24-bk-12607-BR<br><br>Chapter 7<br><br>Adversary Case No.:<br><br>**COMPLAINT TO DETERMINE DEBT TO BE NONDISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6)**<br><br>**DEMAND FOR JURY TRIAL** |

       JANE DOE ("DOE" or "Plaintiff") for her Complaint against MICHAEL YOONBUM BAE ("BAE" or "Debtor") alleges as follows:

---

[1] Due to the nature of the allegations contained herein, Plaintiff, as a victim of sexual abuse, is identified using a pseudonym in order to preserve her confidentiality and privacy pursuant to applicable law, including Wel. & Inst. Code § 827; *T.N.G. v. Superior Court* (1971) 4 Cal.3d 767; *People v. Ramirez* (1997) 55 Cal.App.4th 47; Penal Code § 293.5; and *Starbucks Corp. v. Superior Court* (2008) 168 Cal.App.4th 1436.

## JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. §§ 1334 and 157 and the General Order of the United States District Court of the Central District of California referring all matters relating to bankruptcy to the bankruptcy judges, this Court has jurisdiction over the above-captioned adversary proceeding, which arises in and relates to the above-captioned case under Title 11 and arises under Title 11. This adversary proceeding is a "core" proceeding, which this Court may hear and determine, within the meaning of 28 U.S.C. §§ 157(b)(2)(I) (determinations as to dischargeability of particular debts).

2.      Venue is proper in the United States Bankruptcy Court, Central District of California, Los Angeles Division pursuant to 28 U.S.C. § 1409(a), as the underlying bankruptcy case was filed in this district.

## PARTIES

3.      DOE is an individual residing in the State of California, County of Los Angeles. She was an employee of BAE's dental practice, Yoonbum Bae, D.D.S., Inc., at all relevant times herein mentioned.

4.      BAE is an individual residing in the State of California, County of Los Angeles. He is the debtor in the above-captioned main bankruptcy case. At all relevant times, he was the owner Yoonbum Bae, D.D.S., Inc. and supervisor of DOE possessing actual or reasonably perceived authority over her. BAE is a licensed dentist (Lic. No. 27952) who practices dentistry in the State of California, County of Los Angeles.

## BACKGROUND FACTS

5.      BAE has positioned himself as a pioneer in dental implantology, both in California and internationally, claiming authorship of 41 books on dentistry and medicine and featuring in multiple radio shows and newspaper articles. He has also portrayed himself as a former president of the World Medical Mission, actively involved in aiding North Korean refugees.

6.      Contrary to his esteemed public image, DOE's harrowing experience revealed a disturbingly different reality. As BAE's dental assistant, she was forced into a dental implant procedure and repeatedly raped under heavy sedation. Furthermore, BAE exploited her by paying wages well below the minimum.

7.    On or about November 2, 2023, DOE filed a lawsuit against BAE and Yoonbum Bae, D.D.S., Inc. in the Superior Court of California, County of Los Angeles, Case Number 23STCV26811 ("Lawsuit"). The Lawsuit was based on the same facts as this Complaint and alleged thirteen causes of action: Sexual Battery in Violation of Cal. Civ. Code § 1708.5; Sexual Assault; Battery; Assault; Gender Violence in Violation of Cal. Civ. Code § 52.4; Hostile Work Environment – Harassment Based on Sex in Violation of the FEHA; Intentional Infliction of Emotional Distress; Failure to Pay Overtime Wages in Violation of Cal. Lab. Code §§ 204, 510; Failure to Provide Rest Periods in Violation of Cal. Lab. Code § 226.7; Failure to Furnish Accurate Itemized Wage Statements in Violation of Cal. Lab. Code § 226; Failure to Pay Compensation Due Upon Separation in Violation of Cal. Lab. Code §§ 201, 202; Constructive Discharge in Violation of Public Policy; and Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200.

8.    The exposure of the Lawsuit through a newspaper article uncovered that DOE was far from being BAE's only victim. Following the publication, at least five other victims and their families came forward, sharing their traumatic experiences of sexual harassment by BAE.

9.    BAE did not attempt to defend himself in the Lawsuit. Instead, he filed this bankruptcy case to prevent DOE's claims from being liquidated. Consequently, the Lawsuit is currently stayed pursuant to 11 U.S.C. § 362.

10.    DOE now brings this action to recover both compensatory and punitive damages for BAE's sexual violence, to recover unpaid wages and other Labor Code remedies, and to have such claims determined to be nondischargeable in BAE's bankruptcy.

## **FACTUAL ALLEGATIONS**

11.    DOE realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 10 as though fully set forth herein.

12.    DOE is a female.

13.    DOE began working for BAE's dental practice, Yoonbum Bae, D.D.S., Inc., on or about October 21, 2016, and continued working until she was constructively discharged on or about December 2, 2022.

//

14.     As a front desk receptionist and dental assistant, DOE's main job duties involved answering calls, scheduling appointments, assisting with billing, and preparing dental equipment.

15.     DOE's set work schedule was eight hours a day, from 9:00 a.m. to 6:00 p.m., five days a week, with a one-hour lunch period at 1:00 p.m.

16.     DOE's compensation rates during her employment at Yoonbum Bae, D.D.S., Inc. were as follows:

    a.     From the beginning of her employment in October 2016 to the end of that year, DOE was promised an hourly rate of $10.00, but received no compensation.

    b.     From January to May 2017, she was compensated at a monthly rate of $1,000.00.

    c.     From June 2017 to March 2018, she was compensated at a monthly rate of $2,000.00.

    d.     From April 2018 to March 2020, she was compensated at a monthly rate of $2,400.00.

    e.     From April 2020 to May 2021, she earned an hourly rate of $14.25.

    f.     From June 2021 up to her termination in December 2022, she earned an hourly rate of $20.00.

17.     BAE directed DOE to work approximately 52 hours each week. Until May 2021, her overtime hours – roughly 12 hours weekly – were unpaid, even after numerous complaints made to BAE. As such, from the beginning of her employment until May 2021, DOE was not paid at least the minimum wage for every hour worked. This violation occurred even though BAE was fully aware of its illegality; he had previously been ordered by the Labor Commissioner of the State of California in 2015 and 2017 to pay unpaid minimum wages and liquidated damages to two different employees.

18.     From June 2021 and onward, DOE's overtime hours were compensated at her regular hourly rate of $20.00. However, despite her complaints, BAE still refused to pay for any overtime hours DOE worked prior to June 2021.

//

COMPLAINT TO DETERMINE DEBT TO BE NONDISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6)

19.     During DOE's employment with Yoonbum Bae, D.D.S., Inc., she did not receive an uninterrupted 10-minute rest break for every four hours of work for each day of work.

20.     During DOE's employment with Yoonbum Bae, D.D.S., Inc., she was not provided with a wage statement.

21.     In January 2017, DOE was working at the dental clinic's front desk when only BAE was present with her and BAE approached DOE. As BAE spoke about a patient, he suddenly gripped DOE's hands, leaving her unable to flee or resist, and exposed his genitals. Despite DOE's vehement physical protests, crying, and yelling, BAE ejaculated on her clothes. Fears regarding immigration status deterred DOE from reporting the incident to the police at the time. DOE believed BAE would report her to the immigration authorities because, in 2016, a coworker informed DOE that BAE had expressed his intentions to report DOE to the immigration authorities if she displeased him.

22.     During her employment with Yoonbum Bae, D.D.S., Inc., DOE received dental treatment and implant procedures for seven teeth under BAE's care. For DOE's implant procedures, BAE frequently had DOE take sedative medications, claiming they were necessary for the process. In early 2022, DOE began to have concerns about the dental procedures conducted by BAE. Notably, BAE exclusively treated DOE when they were alone in the clinic after everyone else had left work or on weekends. Moreover, during one implant placement session, DOE regained consciousness roughly ten hours post-administration of the sedative, only to discover that the implant had not been placed. DOE did not voice her concerns out of fear of losing her job, especially since she could barely afford the implant procedures with her employee discount.

23.     On or about April 6, 2022, around 9:00 a.m., while DOE was lying on the dental bed for treatment, BAE tried to touch DOE's waist. DOE resisted, moving away. Persistent, BAE used his arms and upper body to press her down forcefully. When DOE let out a loud scream, BAE covered DOE's mouth with his hand, claiming that the neighboring clinic might hear her and BAE then professed his love for DOE. In response, DOE firmly said, "Please stop. I don't love you and I don't want to engage in any sexual activity with you." DOE subsequently vomited, became

1  feverish, and suffered a stomachache. Ignoring this, BAE proceeded to forcibly remove DOE's

2  pants and raped her, justifying it as "part of the treatment."

3        24.    After this traumatic incident, BAE began sending DOE unsettling text messages

4  which included statements such as "We should become one body," "Your physical and mental

5  beauty contributes to my success," and "My aim is not your vagina but attending church services

6  together." Despite the distress these messages caused DOE, DOE did not respond because she

7  feared for her immigration status, still needed her implants, and needed BAE to pay her outstanding

8  overtime wages.

9        25.    On or about July 12, 2022, around 5:30 p.m., DOE had an appointment with BAE for

10  an implant procedure. Upon arrival, BAE presented several pills intended for the process.

11  Apprehensive of prior incidents, DOE asked for only antibiotics and pain relievers. However, BAE

12  strongly pressed her to take all the pills, warning of severe pain during the operation. Reluctantly,

13  DOE obliged. Later, awakened by the ringing of the front desk bell, DOE found herself undressed,

14  positioned with her legs against BAE's shoulders. BAE quickly dressed to attend to the front desk

15  bell. By the time DOE fully regained consciousness, it was 12:30 a.m., seven hours after the

16  procedure had commenced. DOE was horrified. She held onto the hope of soon completing her

17  dental implant procedures and subsequently departing from her role at the clinic.

18        26.    On or about July 26, 2022, around 5:00 p.m., during a dental impression procedure,

19  BAE directed DOE to position herself on the dental bed and apply the impression material to her

20  tooth, staying still for the material to set. As DOE complied, BAE attempted to undress DOE. DOE

21  yelled, "Please, stop this immediately!", threw away the impression material, forcefully pushed him

22  away, and quickly fled the treatment room.

23        27.    On or about November 11, 2022, around 6:30 p.m., during a treatment session, DOE

24  informed BAE of extreme pain she was experiencing. In response, BAE provided DOE with

25  medications he claimed were painkillers. After ingesting them, DOE lost consciousness, waking up

26  close to midnight. She noticed a distinct odor of semen and felt discomfort in her genital and anal

27  areas, as well as on her legs and buttocks. Outraged, DOE confronted BAE, asking what he had

28

1    done while she was unconscious. BAE stated that he could not provide treatment because she would

2    not open her mouth.

3         28.    In or around late November 2022, DOE stumbled upon unsettling information in

4    BAE's clinical notes on his work computer. On information and belief, the notes revealed that from

5    2019 onward, BAE had been administering to her an excessively high dosage of Triazolam, a

6    sedative hypnotic medication, during her implant sessions. On information and belief, the dose she

7    was given by BAE was a quantity 12 times the suggested amount for dental procedures.

8    Furthermore, on information and belief, the notes indicated, on at least one occasion in 2019, while

9    DOE was under the influence of the sedative on the dental bed, BAE inserted growth hormone into

10   her vagina using his fingers and applied the same substance to her anus and nipples.

11        29.    In the same computer, DOE also uncovered photos of her genitalia and anus,

12   accompanied by BAE's pornographic annotations, as well as videos depicting BAE having sexual

13   intercourse with DOE while she was unconscious, forcing her to perform oral sex on him, and

14   molesting her genitalia and anus using his mouth and hands, all while she remained unaware and

15   unresponsive.

16        30.    Given the increasingly intolerable working environment and the traumatic

17   experiences outlined above, DOE was constructively discharged on or about December 2, 2022.

18        31.    Tragically, instead of proper dental care, DOE's treatment sessions with BAE were

19   marred by his abusive and exploitative sexual behaviors. As a result, she never received the

20   necessary treatments under BAE's care to restore her dental health, and seven of her teeth remain

21   missing to this day.

22        32.    As a direct, foreseeable, and proximate result of BAE's conduct, DOE has suffered,

23   and continues to suffer, economic loss, in an amount to be proven at trial.

24        33.    As a direct, foreseeable, and proximate result of BAE's conduct, DOE has suffered,

25   and continues to suffer, emotional distress, in an amount to be proven at trial.

26   //

27   //

28   //

COMPLAINT TO DETERMINE DEBT TO BE NONDISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6)

## **CLAIM FOR RELIEF**

## **DETERMINATION THAT DEBT IS NOT DISCHARGEABLE**

## **[11 U.S.C. § 523(a)(6)]**

34.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 33 as though fully set forth herein.

35.     In the Ninth Circuit and elsewhere, injuries from workplace harassment and discrimination in violation of state and federal anti-harassment and anti-discrimination laws are non-dischargeable. *See, e.g., Gee v. Hammond (In re Gee)*, 173 B.R. 189,193 (B.A.P. 9th Cir. 1994) (claim arising from sex discrimination was non-dischargeable undern section 523(a), as the underlying acts were "willful and malicious"); Avery v. Sotelo (In re Sotelo), 179 B.R. 214, 218 (Bankr. S.D. Cal. 1995) (claim arising from sexual harassment injury is not dischargeable).

36.     In addition, the components of Plaintiff's claims arising from BAE's battery, assault, and intentional infliction of emotional distress are, like other intentional torts, per se nondischargeable. *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *In re Elder*, 262 B.R. 799, 807 (C.D. Cal. 2001) (claims for intentional infliction of emotional distress non-dischargeable); *In re Roth*, 518 B.R. 63, 74 (S.D. Cal. 2014) (same); *see also Petralia v. Jercich* (In re Jercich), 238 F.3d 1202, 1208 (9th Cir. 2001); *Carrillo v. Su* (In re Su), 290 F.3d 1140, 1144 (9th Cir. 2002).

37.     Further, as described herein, BAE willfully and maliciously caused Plaintiff to receive less than she was lawfully entitled to as wages.

38.     As a result, his indebtedness to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6) in an amount to be proven at trial.

## **Sexual Battery in Violation of Civ. Code § 1708.5**

39.     California Civil Code section 1708.5(a) provides that a person commits a sexual battery who does one of the following: (1) acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results; (2) acts with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly

results; and (3) acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results.

40.    "Intimate part" includes the "sexual organ, anus, groin, or buttocks of any person or breast of a female." Cal. Civ. Code § 1708.5(d). "Offensive contact" is "contact that offends a reasonable sense of personal dignity." Cal. Civ. Code § 1708.5(f).

41.    As set forth above, BAE intended and acted with the intent to cause a harmful and/or offensive contact with DOE's most intimate parts, including but not limited to, DOE's vagina and/or anus. Further, he intended and acted with the intent to cause a harmful and/or offensive contact with DOE by use of his genitals. He also acted to cause an imminent apprehension of these acts. These acts would offend a reasonable sense of personal dignity, and such sexually offensive acts actually occurred on at least five separate occasions.

42.    As a direct, foreseeable, and proximate result of BAE's conduct, Plaintiff has suffered emotional distress, in an amount to be proven at trial.

43.    Plaintiff is informed and believes and thereon alleges that BAE's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

44.    Plaintiff has incurred and will continue to incur attorney's fees and costs in the prosecution of this action. Plaintiff will seek recovery of all such fees and costs to the fullest extent allowable under the law in an amount to be proven at trial.

**Sexual Assault**

45.    As set forth above, BAE intended and acted with the intent to cause a harmful contact with Plaintiff's most intimate parts, including but not limited to, Plaintiff's vagina and/or anus, or contact that offended Plaintiff's personal dignity, and violated her right to live without being put in fear of such personal harm.

46.    Plaintiff reasonably believed and anticipated that she was about to be touched by BAE when he touched her in a harmful and/or offensive way. Plaintiff experienced an imminent apprehension of touching by BAE.

//

47.   At no time did Plaintiff ever consent by words, acts, silence, or inaction, to BAE's misconduct against Plaintiff.

48.   As a direct, foreseeable, and proximate result of BAE's conduct, Plaintiff has suffered emotional distress, in an amount to be proven at trial.

49.   Plaintiff is informed and believes and thereon alleges that BAE's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

50.   Plaintiff has incurred and will continue to incur attorney's fees and costs in the prosecution of this action. Plaintiff will seek recovery of all such fees and costs to the fullest extent allowable under the law in an amount to be proven at trial.

**Battery**

51.   As set forth above, BAE brought himself into harmful and offensive contact with Plaintiff.

52.   In performing such acts, BAE acted with the intent to make a harmful and offensive contact with Plaintiff's person.

53.   At all relevant times, Plaintiff found BAE's contact to be offensive to her person and dignity. Any reasonable person in Plaintiff's situation would have been offended by BAE's touching.

54.   At no time did Plaintiff consent to any of the acts by BAE alleged hereinabove.

55.   Plaintiff was harmed, and BAE's conduct was a substantial factor in causing that harm to Plaintiff.

56.   As a direct, foreseeable, and proximate result of BAE's conduct, Plaintiff has suffered emotional distress, in an amount to be proven at trial.

57.   Plaintiff is informed and believes and thereon alleges that BAE's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

//

//

COMPLAINT TO DETERMINE DEBT TO BE NONDISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6)

**Assault**

58.     As set forth above, BAE brought himself into harmful and offensive contact with Plaintiff.

59.     In performing such acts, BAE acted with the intent to make a harmful and offensive contact with Plaintiff's person. DOE experienced imminent apprehension thereof.

60.     At all relevant times, Plaintiff found BAE's contact to be offensive to her person and dignity. Any reasonable person in Plaintiff's situation would have been offended by BAE's touching.

61.     At no time did Plaintiff consent to any of the acts by BAE alleged hereinabove.

62.     Plaintiff was harmed, and BAE's conduct was a substantial factor in causing that harm to DOE.

63.     As a direct, foreseeable, and proximate result of BAE's conduct, Plaintiff has suffered emotional distress, in an amount to be proven at trial.

64.     Plaintiff is informed and believes and thereon alleges that BAE's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

**Gender Violence in Violation of Civ. Code § 52.4**

65.     California Civil Code Section 52.4 provides a plaintiff with a private cause of action for damages against any person who subjects another to "Gender Violence." Gender Violence constitutes gender discrimination through either: (1) at least one act: (a) that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, and (b) that was committed at least in part based on the gender of the victim; or (2) a physical intrusion or physical invasion of a sexual nature under coercive conditions.

66.     As set forth above, BAE committed physical acts against Plaintiff's body that would constitute criminal offenses under state law that each have as an element the use, attempted use, or threatened use of physical force against the person of another, committed at least in part based on Plaintiff's gender as a woman.

67.     As set forth above, BAE committed a physical intrusion or physical invasion of a sexual nature to Plaintiff's most intimate parts, including but not limited to, her vagina and/or anus, under coercive conditions. Such conditions were coercive because Plaintiff was required to place her trust in her physical well-being in BAE, who held himself out as an expert in dentistry. In addition, such conditions were coercive because BAE was Plaintiff's employer. Such conditions were also coercive because BAE performed these physical intrusions or invasions of her body without her consent.

68.     As a direct, foreseeable, and proximate result of BAE's conduct, Plaintiff has suffered emotional distress, in an amount to be proven at trial.

69.     Plaintiff is informed and believes and thereon alleges that BAE's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

70.     Plaintiff has incurred and will continue to incur attorney's fees and costs in the prosecution of this action. Plaintiff will seek recovery of all such fees and costs to the fullest extent allowable under the law in an amount to be proven at trial.

**Hostile Work Environment – Harassment Based on Sex in Violation of the FEHA**

71.     At all times herein mentioned, California Government Code section 12940, *et seq.*, was in full force and effect and binding on BAE. These sections require BAE to refrain from harassing an employee on the basis of sex.

72.     As set forth above, BAE subjected Plaintiff to severe and pervasive unwanted physical and verbal conduct of a sexual nature.

73.     Plaintiff was a qualified employee who performed her job in an exemplary manner. BAE subjected Plaintiff to harassing sex-based conduct, which disturbed her emotional tranquility in the workplace and interfered with and undermined her personal sense of well-being.

74.     As a direct, foreseeable, and proximate result of BAE's conduct, Plaintiff has suffered emotional distress, in an amount to be proven at trial.

//

//

COMPLAINT TO DETERMINE DEBT TO BE NONDISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6)

75.     Plaintiff is informed and believes and thereon alleges that BAE's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

76.     Plaintiff is further entitled to recover reasonable attorneys' fees and costs pursuant to the provisions of Government Code sections 12940, et seq.

### Intentional Infliction of Emotional Distress

77.     BAE's conduct, as set forth herein, was extreme and outrageous.

78.     BAE intended to cause Plaintiff to suffer extreme emotional distress or acted with reckless disregard as to whether Plaintiff would suffer extreme emotional distress. Plaintiff did suffer extreme emotional distress.

79.     As a direct, foreseeable, and proximate result of BAE's conduct, Plaintiff has suffered and continues to suffer humiliation, mental anguish, and severe emotional distress, in an amount to be determined at trial.

80.     Plaintiff alleges that BAE's actions were malicious, fraudulent, and oppressive, and undertaken with a complete and conscious disregard for Plaintiff's legal rights, which actions justify an award of punitive damages in an amount to be determined at trial.

### Failure to Pay Overtime Wages in Violation of Lab. Code §§ 204, 510

81.     California Labor Code section 510 entitles non-exempt employees to one-half times their hourly pay for any and all hours worked in excess of eight hours in any workday, for the first eight hours worked on the seventh consecutive day of work in a work week, and for any work in excess of forty hours in any one work week. Labor Code section 204 mandates that employers pay their employees twice a month on paydays designated in advance.

82.     During Plaintiff's employment as a non-exempt employee, Plaintiff worked in excess of eight hours in a workday or over 40 hours in a workweek. However, BAE failed to pay Plaintiff overtime compensation for these additional hours worked.

83.     By failing to pay overtime compensation to Plaintiff, BAE violated Labor Code sections 204 and 510. As a result of his unlawful acts, Plaintiff has been deprived of overtime

1  compensation and is entitled to recovery of such amounts plus interest thereon, attorneys' fees and

2  costs, under Labor Code section 1194.

3  **Failure to Provide Rest Periods in Violation of Lab. Code § 226.7**

4  84.    California Labor Code section 226.7 provides: "(a) No employer shall require any

5  employee to work during any meal or rest period mandated by an applicable order of the Industrial

6  Welfare Commission. (b) If an employer fails to provide an employee a meal period or rest period

7  in accordance with an applicable order of the Industrial Welfare Commission, the employer shall

8  pay the employee one additional hour of pay at the employee's regular rate of compensation for

9  each workday that the meal or rest period is not provided."

10  85.    During Plaintiff's employment as a non-exempt employee, she was not provided

11  with a 10-minute rest period for every four hours of work.

12  86.    Because BAE failed to provide proper rest break, he is liable to Plaintiff for one hour

13  of additional pay at the regular rate of compensation for each workday that the proper rest break

14  was not provided.

15  **Failure to Furnish Accurate Itemized Wage Statements in Violation of Lab. Code § 226**

16  87.    California Labor Code section 226 requires an employer to furnish its employees

17  with an accurate itemized wage statement in writing showing, among other things: all applicable

18  hourly rates in effect during each respective pay period and the corresponding number of hours

19  worked by each respective individual; total hours worked by each respective individual; the name of

20  the employee and an employee identification or social security number; and the name and address

21  of the legal entity that is the employer.

22  88.    As a pattern and practice, in violation of Labor Code section 226(a), BAE knowingly

23  and willfully failed to provide Plaintiff with a wage statement.

24  89.    As a result of BAE's failure to provide accurate itemized wage statements, Plaintiff

25  suffered actual damages and harm by being unable to determine her applicable hourly rate or the

26  amount of overtime worked for each pay period, which prevented her from becoming aware of

27  these violations and asserting the statutory protections under California law.

28  //

90.     Pursuant to Labor Code section 226(e), Plaintiff is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00)

91.     Plaintiff is entitled to an award of costs and attorneys' fees under Labor Code section 226(e)(1).

**Failure to Pay Compensation Due Upon Separation in Violation of Lab. Code §§ 201, 202**

92.     California Labor Code sections 201 and 202 require employers to pay all compensation due and owing to employees immediately upon discharge or resignation or within seventy-two hours of termination of their employment. Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, then the employer is liable for such "waiting time" penalties in the form of continued compensation up to thirty workdays.

93.     As set forth above, BAE failed to pay Plaintiff for all wages due to her upon termination.

94.     As a result, BAE is liable to Plaintiff for waiting time penalties provided under Labor Code section 203.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against BAE as follows:

1.     A determination that the indebtedness owing to Plaintiff by BAE is nondischargeable;

2.     For special damages, in excess of $500,000.00 or to otherwise be determined at trial;

3.     For general damages, in excess of $5,000,000.00 or to otherwise be determined at trial;

4.     For punitive damages in an amount necessary to make an example of and to punish BAE, and to deter future similar misconduct;

5.     For reasonable attorneys' fees;

6.     For civil penalties as permitted by statute;

COMPLAINT TO DETERMINE DEBT TO BE NONDISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6)

1     7.     For pre- and post-judgment interest at the maximum legal rate;

2     8.     For costs of suit incurred;

3     9.     For injunctive and declaratory relief; and

4     10.     For such other and further relief as the Court deems just and proper.

Dated: June 21, 2024           **LACHOWICZ PARK, APC**

By: _____

Nikolai Lachowicz
Sang Hyun Park
Jinni Kang
Attorneys for Plaintiff,
JANE DOE

COMPLAINT TO DETERMINE DEBT TO BE NONDISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6)

1                         **<u>DEMAND FOR JURY TRIAL</u>**

2           Plaintiff hereby demands a trial by jury on all claims.

3

4 Dated: June 21, 2024                 **LACHOWICZ PARK, APC**

5

6                              By:   *Jnnkng*

7                                  Nikolai Lachowicz

8                                  Sang Hyun Park
                                 Jinni Kang

9                                  Attorneys for Plaintiff,
                                 JANE DOE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT TO DETERMINE DEBT TO BE NONDISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6)